# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANDREW C. WIESNER,
          Appellant,

      v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
PH-0752-14-0342-I-1

DATE: December 15, 2014

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Marshall J. Tinkle, Esquire, Portland, Maine, for the appellant.

Barbara A. Badger, Scott Egers, and Scott W. Flood, Esquire, Portsmouth, New Hampshire, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action based upon his failure to maintain a security clearance. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's harmful procedural error and due process claims and to reflect that, under the circumstances, our adjudication of the appellant's discrimination and retaliation claims is not permissible and that our consideration of the *Douglas* factors in the penalty analysis is not appropriate, we AFFIRM the initial decision.

## BACKGROUND

¶2        The appellant held the position of Pipefitter at the agency's Portsmouth Naval Shipyard. Initial Appeal File (IAF), Tab 14 at 18, 121. The agency designated the position as noncritical sensitive and required the appellant to be able to obtain and maintain a security clearance with access to classified information. *Id.* at 113-15. On March 22, 2013, the Department of Defense Consolidated Adjudications Facility (DoDCAF) issued the appellant a Letter of Intent, informing him of its preliminary decision to revoke his eligibility for a security clearance and assignment to a sensitive position. *Id.* at 102-05. DoDCAF provided the appellant a Statement of Reasons forming the basis for the preliminary decision and informed him that he could respond to the statement within 15 calendar days. *Id.* The appellant responded and, on June 7, 2013,

DoDCAF issued a Letter of Notification with its final determination to revoke his eligibility for a security clearance and assignment to a sensitive position. *Id.* at 68-69, 87-95.

¶3 The appellant appealed DoDCAF's final revocation by submitting a written appeal to the Personnel Security Appeals Board (PSAB). *Id.* at 48-66. On August 22, 2013, the PSAB issued a final decision upholding DoDCAF's determination to revoke the appellant's security clearance. *Id.* at 46-47. As a result, on September 9, 2013, the agency proposed to remove the appellant based on the sole charge of failure to maintain a security clearance. *Id.* at 44-45. After consideration of the appellant's written reply, *id.* at 24-43, the agency removed the appellant, effective November 6, 2013, *id.* at 18-23.

¶4 The appellant timely appealed his removal to the Board, challenging the merits of the underlying security clearance determination. IAF, Tab 1 at 4, 6. He also claimed that the agency violated his due process rights, committed harmful procedural error, discriminated against him based on his disability, and retaliated against him based on his prior equal employment opportunity (EEO) and whistleblowing activities. IAF, Tab 30 at 4-9. After holding the requested hearing, IAF, Tab 1 at 2, the administrative judge issued an initial decision affirming the removal action, IAF, Tab 39, Initial Decision (ID).[2] The administrative judge found that the Board lacked jurisdiction to consider the merits of the underlying security clearance determination and instead was limited to a review of whether the appellant's position required a security clearance, whether the agency revoked the security clearance, and whether the appellant received the procedural protections specified in 5 U.S.C. § 7513. ID at 4. In applying the limited scope of review, the administrative judge affirmed the

[2] The administrative judge also addressed the appellant's appeal of his indefinite suspension in the initial decision. ID at 4-5, 8-9. We have addressed the agency's petition for review concerning the indefinite suspension, which is docketed as MSPB Docket No. PH-0752-13-0434-I-2, in a separate order.

removal action.  ID at 6-9.  She found that the appellant's position required a clearance, that his clearance was revoked, and that the agency provided the procedural protections required by statute.  ID at 6-7.  She also found that the agency established a nexus between the appellant's loss of his security clearance and the efficiency of the service and that the agency proved the reasonableness of the penalty.  ID at 7-8.  The administrative judge did not address the appellant's affirmative defenses.

¶5      The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  On review, the appellant asserts that the administrative judge erred in failing to find harmful procedural error and due process violations in the agency's treatment of him leading to his removal.  *Id.* at 10-12.  He also argues that the administrative judge erred in failing to address his retaliation claims.  *Id.* at 12-14.  The agency has filed a response in opposition, PFR File, Tab 3, to which the appellant has replied, PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      As properly noted by the administrative judge, in an appeal of an adverse action based on the revocation of a security clearance, the Board may not review the merits of the underlying clearance determination.  ID at 4; *see Department of the Navy v. Egan*, 484 U.S. 518, 526-30 (1988); *see also Flores v. Department of Defense*, 121 M.S.P.R. 287, ¶¶ 7-8 (2014).  Rather, the Board has the authority to review only whether:  (1) the appellant's position required a security clearance; (2) the clearance was denied, revoked, or suspended; and (3) the appellant was provided with the procedural protections specified in 5 U.S.C. § 7513.  *Ulep v. Department of the Army*, 120 M.S.P.R. 579, ¶ 4 (2014).  Here, the administrative judge properly found that the Pipefitter position held by the appellant required a security clearance, his security clearance was revoked, and the agency provided him with the procedural protections specified in 5 U.S.C. § 7513.  ID at 6-7.

¶7        Section 7513, however, is not the only source of procedural protections for employees subject to adverse actions; agencies also must comply with the procedures set forth in their own regulations.  *Schnedar v. Department of the Air Force*, 120 M.S.P.R. 516, ¶ 8 (2014).  Here, the appellant claims that the agency committed harmful procedural error when it failed to timely provide him with documentation underlying DoDCAF's preliminary decision to revoke his security clearance in violation of Department of Defense (DoD) regulation 5200.2-R, C8.2.2.1.  PFR File, Tab 1 at 10-12.[3]  Among other things, DoD 5200.2-R, C8.2.2.1 requires that the designated Central Adjudicative Facility (CAF) provide, upon request, copies of releasable records of the personnel security investigation prior to taking any unfavorable administrative action.  *Department of Defense, Personnel Security Program*, DoD 5200.2-R, C8.2.2.1, http://www. dtic.mil/whs/directives/corres/pdf/520002r.pdf.  However, the appellant has not alleged that he requested documentation from DoDCAF prior to his removal.  Indeed, there is no evidence in the record that the appellant ever requested documentation directly from DoDCAF.  In the absence of a request to the designated CAF for the specified documentation, we find that the appellant has not shown any error in the agency's application of DoD 5200.2-R, C8.2.2.1.[4]

___

[3] Although the appellant generally alleged harmful procedural error below, IAF, Tab 30 at 9, he raises this specific argument for the first time on review, relying on the Board's decision in *Wonders v. Department of the Army*, MSPB Docket No. AT-0752-13-0055-I-1, Final Order (June 25, 2014), which was issued after the issuance of the initial decision in this appeal, ID at 1; PFR File, Tab 1 at 10-11.  Even though *Wonders* is nonprecedential and therefore not binding on the Board, *see* 5 C.F.R. § 1201.117(c), we nevertheless have considered the appellant's alleged new argument relating to DoD 5200.2-R, C8.2.2.1, as described herein.

[4] The appellant additionally claims that there were a number of "procedural irregularities" throughout the agency's handling of his personnel security investigation.  PFR File, Tab 1 at 12.  The appellant, however, has not identified any statute or regulation that the agency violated by taking the alleged actions.  We therefore find that he has failed to establish any procedural error in this regard.  *See Schnedar*, 120 M.S.P.R. 516, ¶ 8.

¶8        An employee also has a right to minimum due process of law in connection with an adverse action based on a security clearance determination.  *See Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 15 (2014).  Specifically, an employee has a right to notice of the grounds in support of the adverse action and a meaningful opportunity to respond to the notice and to invoke the discretion of a deciding official with the authority to select an alternative penalty, to the extent an alternative penalty is feasible.  *Id.*, ¶¶ 26-28; *see Flores*, 121 M.S.P.R. 287, ¶ 10.  Here, although the appellant generally claims that the agency violated his due process rights when it revoked his security clearance and removed him, PFR File, Tab 1 at 6, he has not alleged that he was denied any of these constitutional rights.  Moreover, the record shows that the agency provided the appellant with notice and a meaningful opportunity to respond to the proposed removal, IAF, Tab 14 at 24-25, 44-45, and that no viable alternatives to his removal existed due in large part to the fact that all agency employees at the Portsmouth Naval Shipyard required a security clearance, IAF, Tab 32 at 81-82; Hearing Compact Disc at 10:13:15-10:13:50 (testimony of deciding official); *see Brown v. Department of Defense*, 121 M.S.P.R. 584, ¶¶ 13-16 (2014). Accordingly, we are not persuaded by the appellant's contention that the agency violated his due process rights.

¶9        The appellant also argues on review that the administrative judge erred in failing to consider his claims of retaliation based on prior EEO and whistleblowing activities.  PFR File, Tab 1 at 12-14.  As properly noted by the administrative judge in the prehearing conference summary order, however, the Board is not permitted to adjudicate whether an agency's adverse action, which is premised on the suspension or revocation of a security clearance, constitutes impermissible retaliation.    IAF, Tab 37 at 5; *see Doe v. Department of*

*Justice*, [121 M.S.P.R. 596](#), ¶ 10 & n.5 (2014).  The administrative judge therefore properly declined to adjudicate the appellant's retaliation claims.[5]

¶10        Finally, the Board has recently held that the traditional *Douglas* factors analysis does not apply where, as here, an adverse action is based not on misconduct but rather on the suspension or revocation of a security clearance. *See Munoz v. Department of Homeland Security*, [121 M.S.P.R. 483](#), ¶ 15 (2014) (loss of a required security clearance); *see also Flores*, [121 M.S.P.R. 287](#), ¶ 12 (loss of eligibility to occupy a sensitive position).  The portion of the initial decision that addressed the *Douglas* factors is hereby modified accordingly.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  [5 C.F.R. § 1201.113](#).  You have the right to request further review of this final decision.  There are several options for further review set forth in the paragraphs below.  You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) ([5 U.S.C. § 7702](#)(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

---

[5] The appellant also raised a claim of disability discrimination below, IAF, Tab 30 at 8, which he did not raise on review.  We similarly find that the administrative judge properly declined to adjudicate this claim.  *See Doe*, [121 M.S.P.R. 596](#), ¶ 10.

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims:  Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8),

(b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or by any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board

neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.